## CLARK TRAVIS *vs.* DAVID S. TYLER.

This court have no jurisdiction in equity of a bill alleging that the defendant made and de-livered a deed to the plaintiff, and then took it away to get his wife's release of dower, and refused, on demand and tender of the consideration, to deliver the deed, if the bill does not allege that the deed is secreted or withheld so that it cannot be replevied.

BILL IN EQUITY, alleging that the defendant, in consideration of a conveyance by the plaintiff to him of a lot of land, agreed to convey to the plaintiff another lot, with a release of his wife's right of dower therein ; that in conformity with this agreement the parties met, and executed, acknowledged and delivered deeds to each other ; that after the delivery it was agreed that each should take back his deed, for the purpose of procuring a release of dower, and the plaintiff entrusted to the defendant, for that purpose, the deed which he had just received, and took the other deed, and procured a release of dower, and tendered the deed to the defendant, but the defendant refused to return to the plaintiff the deed of the defendant to him. The bill prayed for a specific performance, and for other relief.

The defendant demurred, for want of jurisdiction in equity and because his wife was not made a party to the bill; and the case was set down for hearing on this demurrer at October term 1855.

*G. M. Browne*, for the defendant.

*C. R. Train*, for the plaintiff.

DEWEY, J.   The position taken by the plaintiff is that the bill states a case for relief in equity, as it shows that the defendant unlawfully retains possession of a deed duly executed and delivered to the plaintiff, and of which he ought now to be in possession, as his property.   If this is the whole case of the plaintiff, then the bill does not state a case within the equity jurisdiction of the court, as it is not stated that the deed is "secreted or withheld, so that the same cannot be replevied."   Rev. Sts. *c.* 81, § 8.   If the deed was in fact duly executed and delivered, as seems to be the allegation in the bill, then the remedy is at law, by an action of tort or replevin.

This view of the facts would also show that no proper case exists for a decree for specific performance of any contract to convey lands.

As to any proceedings against the wife of the defendant by making her a party to the bill, that objection cannot avail, as there is nothing in the case to show any agreement on her part to release her dower, and no decree of this court to that effect would be made upon the mere contract of the husband that he would procure her release of dower.   That is a right of the wife, wholly independent of her husband, and not to be affected by his contracts.   The bill could not, in any form in which it could be drawn as to parties, be sustained against the wife.

*Demurrer sustained*